DOMINIC SIMEONE, ESQ.

Simeone and Raynor, LLC

1522 Route 38

Cherry Hill, NJ 08002

856 663 6700

Attorney for Estate of Michael Matthews

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: Tarlock Singh, | : BANKRUPTCY NO. 16-27617(MBK) |
| Debtor(s) | : CHAPTER 13 |
| | : SUPPLEMENTAL CERTIFICATION IN SUPPORT OF ORDER TO SHOW CAUSE |
| | : HEARING DATE: 2/28/16- 2:00 PM |
| | : ORAL ARGUMENT REQUESTED |

I, Dominic Simeone, Esq., upon my oath, do come before this Court and say:

1. I am an attorney licensed to practice in the State of New Jersey and in the U.S. District Court for the District of New Jersey.

2. I am the attorney for the Estate of Michael Matthews, a secured creditor in this case, which holds a Foreclosure Judgment against Debtor for property which is the subject of this case.

3. Debtor filed for protection under Chapter 11 on the eve of the scheduled Sheriff's Sale for the above-referenced property, and the case was converted to a Chapter 13 case following a Case Management Conference held with the attorney for the U.S. Trustee.

4. Debtor is the owner of the above-referenced property, and, allegedly, leases this property to his son (notwithstanding that the lessee is identified as "Saturday Petroleum Corp.") for $1500.00 per month rent. The tenancy begins on October 14, 2016, AFTER the filing of this case. This lease was entered into WITHOUT Court approval, and Debtor did not file to assume said lease within sixty days after date of filing; the rental monies paid to Debtor pursuant to same are insufficient to fund a Chapter 13 Plan. Additionally, the lease does not provide for insurance coverage for the property, and no satisfactory proof of same has yet been provided by Debtor.

5. Attached hereto, and incorporated by reference, is the 2016 and 2017 tax assessment for the property, which is $156,000. Based on my Secured Creditor's Proof of Claim and the Foreclosure Judgment, there is NO equity in the property.

6. Secured Creditor is both undersecured AND is without the benefit of proper insurance on the property. A conversion of this case to a Chapter 7 case will be of no benefit to secured Creditor, as a Chapter 7 Trustee will only abandon his/her interest in the property; as this case was filed as a "single asset real estate" Chapter 11 case, such a conversion would serve only to afford Debtor EVEN MORE time to avoid the Sheriff's Sale and the loss of the property. Debtor has had the benefit of five months of protection under the Automatic Stay, and ANY further delay in the adjudication of this case will serve only to cause further prejudice and irreparable harm to the Secured Creditor. It is clear from Debtor's course of conduct in this case to date that this case was filed merely and only to "buy time" for the Debtor, and therefore, was filed in "bad faith". As the case did not succeed as a Chapter 11 case, cannot succeed as a Chapter 13 case, and would serve only to further delay Secured Creditor in proceeding to protect its rights under state law, Secured Creditor respectfully requests that the Court DISMISS this case, or, alternatively, if the Court chooses to convert this case to a Chapter 7 case, GRANT IMMEDIATE RELIEF FROM THE AUTOMATIC STAY to Secured Creditor.

WHEREFORE, Secured Creditor respectfully requests the Court issue an Order:

1. Dismissing this case; or, alternatively,

2. Granting Secured Creditor immediate Relief from the Automatic Stay.

I hereby certify that all of the foregoing statements are true, to the best of my knowledge, information and belief. I understand that if any of the foregoing statements are found to be willfully false, I am subject to punishment.

DATED: 2/22/17           /s/Dominic Simeone, Esq.
                         Attorney for Secured Creditor